J-S14021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH JAMES CANFIELD | |
| Appellant | No. 851 MDA 2015 |

Appeal from the PCRA Order April 22, 2015
In the Court of Common Pleas of Susquehanna County
Criminal Division at No(s): CP-58-CR-0000081-2012
CP-58-CR-0000488-2012
CP-58-CR-0000489-2012
CP-58-CR-0000490-2012
CP-58-CR-0000491-2012
CP-58-CR-0000492-2012
CP-58-CR-0000493-2012
CP-58-CR-0000494-2012
CP-58-CR-0000495-2012
CP-58-CR-0000496-2012
CP-58-CR-0000497-2012
CP-58-CR-0000498-2012
CP-58-CR-0000499-2012
CP-58-CR-0000500-2012
CP-58-CR-0000501-2012
CP-58-CR-0000502-2012
CP-58-CR-0000503-2012
CP-58-CR-0000504-2012
CP-58-CR-0000505-2012
CP-58-CR-0000506-2012
CP-58-CR-0000507-2012
CP-58-CR-0000508-2012
CP-58-CR-0000509-2012

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

---

[*] Former Justice specially assigned to the Superior Court.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 18, 2016**

Appellant, Keith James Canfield, appeals *pro se* from the order denying his petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. After careful review, we conclude that the PCRA court correctly dismissed Canfield's petition, his second, as untimely. We therefore affirm.

Canfield pled guilty to twenty charges of first-degree felony burglary and two charges of second-degree felony burglary. Pursuant to a negotiated plea agreement, the trial court sentenced Canfield to concurrent sentences on the charges, resulting in an aggregate sentence of imprisonment of 51 months to twenty years, to be followed by ten years of probation.

Canfield filed a post-sentence motion, which the trial court denied on January 7, 2013. Canfield did not file a direct appeal, and instead filed a first PCRA petition on May 7, 2013. The PCRA court appointed counsel to represent Canfield, but ultimately dismissed his first petition without a hearing on December 5, 2013.

On January 28, 2015, Canfield filed the instant PCRA petition. In his petition, Canfield conceded that this petition was facially untimely, but asserted that the newly recognized constitutional right exception applied. **See** PCRA petition, 1/28/15, at 2. Other than this checkbox allegation, Canfield did not plead any specifics regarding this timeliness exception.

In fact, Canfield provides no argument on appeal in support of this timeliness exception. He does not cite to any case that was decided after his conviction.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation and internal quotation marks omitted).

"The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." **Commonwealth v. Flanagan**, 854 A.2d 489, 509 (Pa. 2004) (citations omitted). A petitioner must file a PCRA petition within one year of the date that the judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. **See** 42 Pa.C.S.A. § 9545(b)(3). Canfield pled that the newly recognized constitutional right exception applied. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

As noted above, Canfield has conceded that this petition was facially untimely. However, he has not identified what newly recognized right he is

relying upon. Perhaps unsurprisingly, he also has failed to plead or argue that he filed this petition within 60 days of the issuance of the opinion recognizing this right. He therefore failed to establish the jurisdiction of the PCRA court, and his petition was rightfully dismissed. Furthermore, as the PCRA court did not have jurisdiction to entertain the petition, we deny Canfield's applications for relief as moot.

Order affirmed. Motions denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2016